# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2009

Charles R. Fulbruge III
Clerk

No. 09-50097
consolidated with
No. 09-50098
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO SOLIS-GARCIA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:00-CR-1307-ALL
USDC No. 3:08-CR-2935-ALL

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ignacio Solis-Garcia (Solis) illegally tried to reenter the Untied States while on supervised release after imprisonment for a prior illegal-reentry violation. He pleaded guilty to attempted illegal reentry after deportation, and his supervised release was revoked. Solis was sentenced to a 60-month prison term for illegal reentry, which was 14 months above the guidelines range. For

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50097 c/w
No. 09-50098

violating the terms of his supervised release, Solis received a consecutive 24-month sentence, which was within the guidelines range. Solis challenges the above-guidelines sentence for illegal reentry, arguing that it is unreasonable because, he says, it is greater than necessary to achieve the purposes of sentencing.

Because Solis does not argue that the sentence resulted from procedural error, we examine only the substantive reasonableness of the sentence. *See Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 596-97 (2007); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). We give the district court's sentence a high degree of deference because a sentencing court is in the best position to find facts and weigh the 18 U.S.C. § 3553(a) factors in relation to a particular defendant. *See Gall*, 128 S. Ct. at 597-98; *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Solis did not object in the district court to the reasonableness of the sentence; thus, our review is for plain error. *United States v. Whitelaw*, ___F.3d ____, No. 08-50346, 2009 WL 2515670, at *2 (5th Cir. Aug. 19, 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).

The district court carefully weighed the § 3553(a) factors and articulated sufficiently compelling reasons to justify the above-guidelines sentence. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). It considered and discussed all of Solis's arguments for a within-guidelines sentence. The court determined, however, that these factors were outweighed by the need to deter Solis from continuing to reenter the United States illegally, especially given that this was Solis's fourth conviction for illegal reentry and that his entire family lives in this country, making recidivism more likely. Although Solis might disagree with the weight that the court gave to the relevant sentencing factors, this disagreement is far from sufficient to establish that the court plainly erred. *Cf. id.* at 78 (noting that a non-guidelines sentence is unreasonable where,

among other things, the district court commits a "clear error of judgment in balancing the sentencing factors"). Therefore, the judgment of the district court is AFFIRMED.